ACCEPTED
12-14-00007
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/2/2015 5:06:34 PM
CATHY LUSK
CLERK

# No. 12-14-00007-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

3/2/2015 5:06:34 PM

CATHY S. LUSK
Clerk

In the Court of Appeals

Twelfth Court of Appeals District

Tyler, Texas

**REX SMITH and NANCY SMITH,**
*Appellants*

**v.**

**KELLY DAVIS AND AMBER DAVIS**
*Appellees*

*Appealed from the 294th Judicial District Court*
*Van Zandt County, Texas*

---

**APPELLEES' MOTION FOR REHEARING OF**
**OPINION RENDERED FEBRUARY 18, 2015**

---

**ATTORNEY FOR APPELLEES:**
S. Gary Werley
Law Office of S. Gary Werley
Texas State Bar No. 21187000
1840 Acton Highway, Suite 102
Granbury, Texas 76049
817-573-7700
817-573-7710 - fax
sgwerley@werleylaw.com

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... ii

INDEX OF AUTHORITIES............................................................................................ iii

RESPONSE ................................................................................................................... 1-7

PRAYER ...........................................................................................................................7

CERTIFICATE OF COMPLIANCE..................................................................................7

CERTIFICATE OF SERVICE ..........................................................................................8

# INDEX OF AUTHORITIES

**Cases Cited**                                                              **Page**

*Flores v. Millennium Interests, Ltd.*,
      185 S.W.3d 427, 429 (Tex. 2005)..................................................................4, 5, 6

*Henderson v. Love*,
      181 S.W.3d 810 (Tex.App.-Texarkana 2005), no pet.) ......................................4, 6

*Morton  v. Nyugen*, 412 S.W.3d 506, 509-10 (Tex. 2013) ...................................................3

*Nacogdoches Memorial Hospital v. Justice*,
      694 S.W.2d 404, 207(Tex.App.-Tyler 1985)............................................................3

*Skelly Oil Company v. Medical & Surgical Clinic,*
      418 S.W.2d 574, Tex.Civ.App.-Tyler 1967, p. 578) ................................................3


**Codes and Statutes**                                                       **Page**

Texas Property Code §5.069................................................................................................2
Texas Property Code §5.070................................................................................................2
Texas Property Code §5.072................................................................................................2
Texas Property Code §5.072(d) ..........................................................................................2
Texas Property Code §5.077................................................................................................4

Business & Commerce Code §17.46 ...................................................................................2
Texas Business & Commerce Code, §1750(d) ....................................................................3
Texas Rules of Civil Procedure, Rule 279...........................................................................3
Texas Rules of Civil Procedure, Rule 92.............................................................................4

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Kelly Davis and Amber Davis, Appellees, and files this Motion for Rehearing of the Court's Opinion Rendered on February 18, 2015, and for same would show unto the Court the following:

## I.

Appellees requested the Court view its opinion of February 18, 2015 and reverse its ruling on the amount of the reimbursement to be paid to the Davis', as found by the Trial Court in its Judgment. Appellant did not raise an issue as to the amount of the reimbursement, only whether or not the refund was due.

The jury question on actual damages was:

"What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Kelly Davis and Amber Davis for their damages, if any, that resulted from such fraud?"

The jury was instructed to "<u>Consider the amount of money received by Rex Smith from Kelly and Amber Davis and the taxes paid by the Davises on the property</u>". (CR 319).

The Jury found the amount of $33,664.41.

Plaintiffs' Exhibit 1 shows a down payment of $1,000.00. Plaintiffs' Exhibit 5 shows payments of $472.00 on Tract 9 for 25 payments. Kelly Davis testified that the monies paid on Tract 9 would be applied to Tract 7. (RR Vol. 2, p. 74). Plaintiffs' Exhibit 5 shows payments of $565.00 on Tract 7. Plaintiffs' Exhibit 3 shows a down payment of $3,700.00, and that payments begin on April 22, 2005. Plaintiffs' Exhibit 5 shows some, but not all payments from April 2005 to November 2007. Amber Davis testified that the Exhibit was not complete and had gaps. (RR 33). Mr. Davis testified that they paid the property taxes on the properties. (RR Vol. 2, p. 53, 66). The taxes for one year, on Tract 9, a smaller tract than Tract 7, were $250.00. (Plaintiffs' Exhibit 5). The facts of this lawsuit covered five years, from 2003 through 2007.

| | |
|---|---|
| Down payment 2003, Pl. Exh. 1 | $1,000.00 |
| Down payment 2005, Pl. Exh. 3 | $3,700.00 |
| 25 monthly payments Tract 9, Pl. Exh. 1, 2, 5 | $11,800.00 |
| 32 monthly payments Tract 9, Pl. Exh. 3, 4, 5 | $18,080.00 |
| Minimum taxes 03 (partial)-09 | $1, 680.00 |
| Total | $36,260.00 |

The answer by the jury to the question was supported by the evidence and is not against the overwhelming weight and preponderance of the evidence so as to be manifestly unjust. The Courts judgment is supported by the evidence.

Recession damages should start at $33,664.41, as found by the jury and the Courts judgment affirmed in that regard.

## II.

Appellees request a rehearing on the right to attorney's fees §5.069, §5.070, and §5.072 of the Texas Property Code. Each of the above-stated Code sections provide that a violation (failure to provide information required by 5.069 (a); failure to provide information required by §5.070 (a); failure to provide notice required by §5.072(d)) is false, misleading or deceptive, or practice within the meaning of §17.46, Business & Commerce Code and is actionable thereunder. Pursuant to the statutory requirements, Plaintiffs' Second Amended Petition alleged in paragraphs IV, V, and VI violations of §5.069, §5.070, and §5.072, and that each one of the above acts were a "false, misleading or deceptive act or practice within the meaning of the Deceptive Trade Practice-Consumer Protection Act and allows a purchaser to cancel and rescind executory contract and receive a full refund of all payments made to the Defendants. (CR 164). There were no special exceptions filed against the Petition or heard by the Court. The Property Code sections state that the conduct constitutes a false, misleading, or deceptive act within the meaning of Section 17.46,

and allows the remedies to flow therefrom. No other jury questions need to be requested; same would be redundant and asking a legal question: *i.e.*, "Do you find the conduct to be false, misleading or deceptive as stated by the Legislature and signed into law by the Governor?" There was a finding by the jury of a violation of the Texas Property Code, which is also a violation of the Texas Deceptive Trade Practice-Consumer Protection Act. Pursuant to §17.50(d) of the Texas Business & Commerce Code, the Appellees are entitled to attorney's fees.

The Court stated "however, as in *Morton*, that the Davis' did not recover under the DTPA." *Morton v. Nyugen*, 412 S.W.3d 506, 509-10 (Tex. 2013) was a bench trial. The Davis' did recover under the DTPA. The law in Texas is that if there is a finding on an element of a cause of action and judgment is rendered thereon, any missing element is an implied finding by the Court. As there was no objection to the charge on this issue, this Court must presume that the trial court made implied findings on any missing element to support the judgment. *Nacogdoches Memorial Hospital v. Justice*, 694 S.W.2d 404, 207 (Tex.App.-Tyler 1985). *See Skelly Oil Company v. Medical & Surgical Clinic,* 418 S.W.2d 574, 578 (Tex.Civ.App.-Tyler 1967) which stated that Rule 279 of the Texas Rules of Civil Procedure provides the grounds for recovery or defense consist of one or more element; that is, requires more than one (1) issue to submit them, and the Courts submits some of the elements and omits others and there is no objections to the failure to submit same, the parties are placed in the same position of having agreed to waive a jury trial on the unsubmitted elements and to have submitted them to Court for his determination. Under the rule of implied findings, the jury verdict and the judgment rendered by the Court require the award of attorney's fees on rehearing. The award and amount of the attorney's fees should be affirmed as stated in the judgment.

III.

Application of Chapter 41 of the Texas Civil Practice & Remedies Code to §5.077 of the Texas Property Code.

Defendant did not plead the unconstitutionality of any statute and therefor waived same as an affirmative defense. (T.R.C.P. Rule 92). Defendant did not raise any issue on this question in pretrial or post-trial motion filed with the Court. Failure to bring this issue to the Court's attention before the appeal is a waiver of this issue.

After the decision of *Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005) the legislature amended §5.077 of the Texas Property Code to place a cap on damages. This Court's opinion as stated in 2014 WL 4104167 was a correct application of the statute, which stated as follows:

"APPLICABILITY OF TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 41
In their third issue, the Smiths contend that the trial court was required to apply Texas Civil Practice and Remedies Code Chapter 41 in awarding damages under Texas Property Code Section 5.077 and it failed to do so.

Standard of Review and Applicable Law
The meaning of a statute is a question of law, which we review de novo to ascertain and give effect to the legislature's intent. Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex.2009); Hong Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 457 (Tex.App.-Houston [1st Dist.] 2007, no pet.). When construing a statute, we begin with its language. Our primary objective is to determine the legislature's intent, which, when possible, we discern from the plain meaning of the words chosen. State v. Shumake, 199 S.W.3d 279, 284 (Tex.2006). We presume the legislature intended a just and reasonable result by enacting the statute. City of Rockwall v. Hughes, 246 S.W.3d 621, 626 (Tex.2008). Where text is clear, it is determinative of that intent. Entergy Gulf States, 282 S.W.3d at 437. When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language. City of Rockwall, 246 S.W.3d at 626.

Discussion
The Smiths contend that the trial court was required to apply Chapter 41 because of the Texas Supreme Court's holding in Flores v. Millennium Interests, Ltd., 185 S.W.3d 427 (Tex.2005). They also contend that we should consider the discussion on this issue in Henderson v. Love, 181 S.W.3d 810 (Tex.App.-Texarkana 2005, no pet.). The Davises reply that these two cases involve a prior version of Texas Property Code Section 5.077, and therefore are not applicable to the facts of this case.

The current version of Section 5.077 states as follows:

§ 5.077. Annual Accounting Statement

(a)    The seller shall provide the purchaser with an annual statement in January of each year for the term of the executory contract. If the seller mails the statement to the purchaser, the statement must be postmarked not later than January 31.

(b)    The statement must include the following information:

   (1)    The amount paid under the contract;

   (2)    The remaining amount owed under the contract;

   (3)    The number of payments remaining under the contract;

   (4)    The amounts paid to taxing authorities on the purchaser's behalf if collected by the seller;

   (5)    The amounts paid to insure the property on the purchaser's behalf if collected by the seller;

   *5 (6)  If the property has been damaged and the seller has received insurance proceeds, an accounting of the proceeds applied to the property; and

   (7)    If the seller has changed insurance coverage, a legible copy of the current policy, binder, or other evidence that satisfies the requirements of Section 5.070(a)(2).

(c)    A seller who conducts less than two transactions in a 12–month period under this section who fails to comply with Subsection (a) is liable to the purchaser for:

   (1)    Liquidated damages in the amount of $100 for each annual statement the seller fails to provide to the purchaser within the time required by subsection (a); and

   (2)    Reasonable attorney's fees.

(d)    A seller who conducts two or more transactions in a 12–month period under this section who fails to comply with Subsection(a) is liable to the purchaser for:

   (1)    Liquidated damages in the amount of $250 a day for each day after January 31 that the seller fails to provide the purchaser with the statement, but not to exceed the fair market value of the property; and

   (2)    Reasonable attorney's fees.

TEX. PROP.CODE ANN. § 5.077 (West Supp.2014). The pre–2005 version of Section 5.077 did not include the limitation in (d)(1), which states "but not to exceed the fair market value of the property." See Act of June 18, 2005, 79th Leg., R.S., ch. 978, § 5, 2005 Tex. Gen. Laws 3282, 3284.

In Flores, the Texas Supreme Court answered certified questions from the United States Court of Appeals for the Fifth Circuit. The court concluded that (1) Section 5.077 is penal in nature, (2) a deficient annual statement representing a good faith effort to provide the statement does not trigger the liquidated damages provision in Section 5.077, and (3) that if the provision is triggered, the statutory damages do not require actual harm as a predicate to recovery. See Flores, 185 S.W.3d at 434. The court went on to state that "because the incomplete annual statement here did not invoke the liquidated damages provision of Section 5.077(c), we decline to decide at this time whether these statutory damages are also 'exemplary damages' within the meaning of Chapter 41." Id. Since the court did not decide whether Chapter 41 applied in this circumstance, Flores is not instructive in our analysis.

In Henderson, the Texarkana Court of Appeals determined that the pre–2005 "liquidated damages" version of Section 5.077 without any limitation on the amount of damages fell squarely within Chapter 41's definition of exemplary damages. Henderson, 181 S.W.3d at 817. Unlike Henderson, however, the current version of Section 5 .077 applies to this case.[3] Texas Civil Practice and Remedies Code Section 41.002 states in pertinent part that

> (a)   This chapter applies to any action in which a claimant seeks damages relating to a cause of action.
>
> (b)   This chapter establishes the maximum damages that may be awarded in an action subject to this chapter, including an action for which damages are awarded under another law of this state. This chapter does not apply to the extent another law establishes a lower maximum amount of damages for a particular claim.
>
> *6 TEX. PRAC. & REM.CODE ANN. § 41.002(a), (b) (West 2008). In accordance with Section 41.002(b), the current version of Section 5.077 is "another law" that "establishes a lower maximum amount of damages" for this "particular claim." For that reason, Henderson does not apply to the facts of this case.

At trial, Rex Smith testified that the fair market value of lot seven was $65,100. The jury found that the Smiths failed to provide the annual statements to the Davises in 2006, 2007, and 2008. The evidence established that the $250 per day payment was applicable to the Smiths. The jury answered in special issue number 17 that the value of lot seven at the time of sale was $65,100. The trial court rendered judgment for damages under Section 5.077 in the amount of $65,100. This complies with Section 5.077(d)(1).

Under Chapter 41, exemplary damages are limited to the greater of (1) twice the amount of economic damages plus an amount equal to noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000. TEX. CIV. PRAC. & REM.CODE ANN. § 41.008(b) (West Supp.2014). Since twice the amount of economic damages plus noneconomic damages here is less than $750,000, the cap on exemplary damages in this case if Chapter 41 applied would be $200,000. See id. As we have stated, the jury awarded $65,100 for the Section 5.077 violations, which is less than $200,000.

Because Section 5.077 is "another law" establishing a lower amount of damages for this "particular claim," the damages provision in Section 5.077 controls, and Chapter 41 is inapplicable to this suit. See TEX. PROP.CODE ANN. § 5.077(d)(1); TEX. CIV. PRAC. & REM.CODE ANN. §

41.002(b); see also In re Dodson, No. 06–11952–CAG, 2008 WL 4621293, at *9–11 (Bankr.W.D.Tex. Oct. 16, 2008) (mem.op.) (applying same analysis).

The Smiths' third issue is overruled."

This application of the law to the facts was correct and should now be applied to this case awarding the damages and attorney's fees found by the jury. The opinion on rehearing failed to discuss the amendment and cap on damages. As Chapter 41 is not applicable, there is no requirement of a unanimous verdict based on clear and convincing evidence; in the alternative, the requirement of unanimous verdict on clear and convincing evidence was either waived by the defendant by failure to object to the trial court, or placed in the hands of the trial court under the rule of implied findings as discussed above.

WHEREFORE, PREMISES CONSIDERED, Appellee requests that this Court revise its Opinion on Rehearing rendered on February 18, 2015, and affirm the Trial Court's Judgment, as rendered, in all respects.

LAW OFFICES OF S. GARY WERLEY

BY:___/s/ S. Gary Werley_____
        S. GARY WERLEY
        State Bar No. 21187000

1840 Acton Highway, Suite 102
Granbury, Texas 76049
(Telephone) 817-573-7700
(Facsimile) 817-573-7710

**ATTORNEY FOR APPELLEES**

**WORD COUNT**

I hereby certify that the word count for this brief is 2,430.

___/s/ S. Gary Werley_____
        S. GARY WERLEY

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Appellees' Motion for Rehearing has been forwarded to the following attorneys of record on this 2nd day of March, 2015:

**Via email or efiling**
Jeffrey C. Irion
P. O. Box 5527
Gun Barrel City, TX 75147-5012

Greg Smith
Ramey & Flock, PC
100 E. Ferguson, Suite 500
Tyler, Texas 75202

__/s/ S. Gary Werley_____
S. GARY WERLEY